1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Gary E. Gans (State Bar No. 89537)
2 | garygans@quinnemanuel.com
   John Lee (State Bar No. 272229)
3 | johnlee@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4 | Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
5 | Facsimile:  (213) 443-3100

6 | Attorneys for Plaintiff
   NFC Collections LLC
7

8 | [LIST OF COUNSEL CONTINUED ON
   NEXT PAGE]
9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12

| | |
|---|---|
| NFC COLLECTIONS LLC, a Delaware limited liability company, | CASE NO. CV 12-10718 DDP (JCx) |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| DEUTSCHE BANK AKTIENGE-SELLSCHAFT, a business entity organized under the laws of Germany; DEUTSCHE BANK PRIVAT- UND GESCHAFTSKUNDEN AG, a business entity organized under the laws of Germany; and BAYRAKKALE LTD STI, a business entity organized under the laws of Turkey. | [CHANGE MADE BY COURT TO PARAGRAPH 10] |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 | MOSES & SINGER LLP
    Philippe A. Zimmerman
2 |     pzimmerman@mosessinger.com
        Michael Evan Avidon
3 |     mavidon@mosessinger.com
        Jason Canales
4 |     jcanales@mosessinger.com
    405 Lexington Avenue
5 | New York, NY 10174
    Telephone: (212) 554-7895
6 |
    CARROLL, BURDICK & McDONOUGH LLP
7 |     Matthew J. Kemner
        mkemner@cbmlaw.com
8 |     G. David Godwin
        dgodwin@cbmlaw.com
9 | 44 Montgomery Street, Suite 400
    San Francisco, CA 94104
10 | Telephone: (415) 989-5900
11 |
    Attorneys for Defendants Deutsche Bank Aktiengesellschaft
12 | and Deutsche Bank Privat- und Geschaftskunden AG
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Case No. 12-CV-10718 DDP (JCx)
STIPULATION AND PROTECTIVE ORDER

1    WHEREAS, plaintiff NFC Collections LLC ("NFC") and defendants

2 Deutsche Bank Aktiengesellschaft and Deutsche Bank Privat- und Geschaftskunden

3 AG ("Defendants") (collectively, the "Parties"), through their counsel of record,

4 have conferred regarding issues of confidential and proprietary information, as well

5 as on issues of attorney-client privileged communications and the work product

6 doctrine.

7    WHEREAS, the discovery procedures in this case may require disclosure of

8 documents and information ("material(s)"), regarded by the producing Party as

9 confidential and private information incorporating trade secret or other confidential

10 research, proprietary data, technical, cost, price, marketing or other commercial

11 information, as is contemplated by Federal Rule of Civil Procedure 26(c), and

12 confidential and private information concerning parties, witnesses, and persons not

13 party to this action.

14    WHEREAS, the purpose of this Protective Order ("Order" or "Protective

15 Order") is to protect the confidentiality of such materials as much as practical during

16 the litigation.

17    WHEREAS, the Parties respectfully submit that this stipulated Protective

18 Order will facilitate the discovery process, without improperly undermining public

19 access to non-confidential information and that there is good cause for entry of this

20 Protective Order.

21    WHEREAS, the Parties have agreed to be bound by the terms of this Order in

22 this action.

23    THEREFORE, IT IS HEREBY AGREED AND STIPULATED, by and

24 among the Parties and through their undersigned counsel, as follows.

25                        **DEFINITIONS**

26    1.    The term "Confidential Information" will mean and include

27 information contained or disclosed in any materials, including documents, portions

28 of documents, answers to interrogatories, responses to requests for admission,

1  deposition testimony and transcripts of depositions, including data, summaries, and

2  compilations derived therefrom that is deemed to be Confidential Information by

3  any Party to which it belongs.

4      2.    The term "materials" will include all writings, photographs, audio

5  recordings, electronically stored data, and other tangible records and forms of

6  recorded information, however maintained, stored, produced, or reproduced,

7  including without limitation all contracts, agreements, letters, correspondence,

8  records, memoranda, minutes, notes, telegrams, telecopies, telexes, summaries,

9  records of telephone calls and meetings, calendar and diary entries, notebooks,

10  questionnaires, commentaries, legal and accounting opinions, research, data

11  compilations, schedules, reports, studies, appraisals, analyses, lists, surveys, deeds,

12  budgets, insurance policies, financial statements, returns, financial projections,

13  comparisons between budgets, projections and actual results, ledger sheets,

14  accounts, spreadsheets, bills, invoices, receipts, checks, drafts, money orders, wire

15  transfers, working papers, financial calculations, business plans, business reports,

16  business records, periodicals, charts, graphs, drawings, photographs, microfilms,

17  microfiches, interviews, speeches, transcripts, depositions, press releases, brochures,

18  advertisements, newspaper articles, journals, publications, books of account,

19  videotape, audiotape, tape of any kind on which information may be recorded,

20  computer printouts, e-mails, and computer-stored information or data (including

21  without limitation on magnetic storage media such as, for example and without

22  limitation, hard drives, backup tapes, Jaz and Zip drives, and floppy disks); and all

23  drafts, outlines, and proposals of any such documents whether different from the

24  original by reason of notations made on such copies or otherwise. The terms

25  "document" or "documents" specifically include, but are not limited to, electronic,

26  magnetic, optical, and any other computer- or machine-readable information or data,

27  whether or not printed onto paper, including, but not limited to, electronic mail,

28  databases, spreadsheets, and word processing documents, and further includes all

-3-                    Case No. 12-CV-10718 DDP (JCx)

STIPULATION AND PROTECTIVE ORDER

load files and/or other manuals, documents, or programs sufficient to access, operate, display, read, and interpret such data and information.

      3.    The term "counsel" will mean outside counsel of record and the in-house attorneys identified below, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms, or who support the in-house attorneys identified below:

     Quinn Emanuel Urquhart & Sullivan, LLP

     In-house attorneys acting for NFC

     Moses & Singer LLP

     Carroll, Burdick & McDonough LLP

     In-house attorneys acting for Defendants.

## GENERAL RULES

      1.    Each Party to this litigation may designate any materials produced in this litigation that the Party believes should be subject to this Protective Order as containing confidential information as "CONFIDENTIAL."  Unless otherwise provided herein or by agreement of the Parties, the designation of "CONFIDENTIAL" shall be made at the time of production by the designating Party or within twenty (20) days of production by any third party.

      a.    Designation as "CONFIDENTIAL":  Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its counsel, the information (regardless of how it is generated, stored or maintained) qualifies for protection under Federal Rule of Civil Procedure 26(c).

      b.    Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies for such protection.  If it comes to a producing Party's attention that information that it designated for protection does not qualify for

1  protection as initially asserted, that producing Party must promptly notify all other

2  Parties that it is withdrawing or amending the mistaken designation.

3      2.     Whenever a deposition taken on behalf of any Party involves a

4  disclosure of Confidential Information of any Party, the deposition or portions of the

5  deposition must be designated as containing Confidential Information subject to the

6  provisions of this Order within two weeks following receipt of the transcript.

7      3.     All Confidential Information designated as "CONFIDENTIAL" must

8  not be disclosed by the receiving Party to anyone other than those persons

9  designated within this Order and must be handled in the manner set forth below and,

10  in any event, must not be used for any purpose other than in connection with this

11  litigation, unless and until such designation is removed either by agreement of the

12  Parties or by order of the Court.

13      4.     Information designated "CONFIDENTIAL" must be viewed only by:

14          (a)    Counsel (as defined in paragraph 3);

15          (b)    Those officers, directors, and representatives (including legal

16                 representatives) of the Parties and their parents and affiliates

17                 deemed necessary to aid counsel in the conduct of this litigation;

18          (c)    Experts and consultants and their staff retained by the Parties or

19                 their attorneys for purposes of this litigation (subject to

20                 Paragraph 7, below);

21          (d)    Any person whom a Party intends, in good faith, to call as a

22                 witness in any deposition, hearing or trial in this litigation, and

23                 that person's attorneys, to the extent reasonably necessary to give

24                 his or her testimony.   However, if any such witness declines to

25                 sign a certification, as provided in Paragraph 7, below, he or she

26                 shall not be permitted to maintain possession of any Materials

27                 designated as Confidential;

28

(e)   Any witness at a deposition or hearing in this litigation. However, if any such witness declines to sign a certification, as provided in Paragraph 7, below, he or she shall not be permitted to maintain possession of any Materials designated as Confidential;

(f)   The Court, court personnel, and jurors, potential jurors or alternate jurors;

(g)   Court reporters and videographers used in connection with the conduct of this litigation;

(h)   Outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this litigation;

(i)   Special masters or mediators in this litigation;

(j)   instrumentalities of the United States, a State, a foreign State or subdivision thereof, to which a Party has a legal duty to provide the information disclosed; and

(k)   any other person that the producing party agrees to in writing.

5.     With respect to material designated "CONFIDENTIAL," any person indicated on the document to be its originator, author, addressee or a recipient of a copy of the document, may be shown the same.

6.     All information which has been designated as "CONFIDENTIAL" and any and all reproductions of that information, must be retained in the custody of the receiving Party identified in paragraph 4, except that experts or consultants authorized to view such information may retain custody of copies such as are necessary for their participation in this litigation.

7.     Prior to the disclosure of any Confidential Information by a receiving Party to any person described in subparagraphs 4.(c)-(e), such person must first be provided with a copy of this Protective Order, which he or she shall read and upon reading the receiving Party shall use its best efforts to obtain the person's signature on a certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms.

8.     Any recipient of Confidential Information may request permission to disclose Confidential Information to a person other than those qualified to receive it pursuant to Paragraph 4 by serving a written request on the designating party.   The designating party shall have twenty (20) days from the date of receipt of such notice to object to the requested disclosure of the Confidential Information, during which time the Confidential Information shall not be disclosed.   If there is an objection, the Confidential Information shall not be disclosed until the issue has been resolved either by this Court or through the agreement of the parties involved.   The burden of persuasion in any motion shall be on the recipient of the Confidential Information.

9.     In the event any recipient of Confidential Information is served with a subpoena or other notice compelling the production of any Confidential Information in another action or proceeding, the recipient is obligated to give written notice of such subpoena or other notice as soon as possible to the designating party in writing by email, fax or overnight mail.   Upon receiving such subpoena or notice, the recipient must promptly inform in writing the party who caused the subpoena or notice to issue in the other action or proceeding that some or all the material covered by the subpoena or notice may be the subject of this Protective Order.   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party an opportunity to try to protect its confidentiality interests in the court or other body from which the subpoena or order issued.     In the event that a response to a motion to compel, motion for

protective order or similar pleading is required to preserve the confidentiality of the

Confidential Information, the designating party shall bear the sole responsibility and

burden to prepare and submit such pleading.

10.   In the event that any Party discloses Confidential Information in any

pleading, court filing, attachment or exhibit thereto, or other papers filed with the

Court pre-trial, the disclosing Party shall submit the Confidential Information for

filing under seal with the Clerk of this Court in accordance with Local Rule 79-5.1

or as may otherwise be ordered by the Court.   The disclosing Party shall file a

public version of such pleading, court filing, attachment or exhibit thereto of other

papers filed with the Court pre-trial redacted for the Confidential Information.   This

Order does not address the use of Confidential Information at trial.   The Parties

agree to meet-and-confer regarding the use of Confidential Information in

connection with trial and to raise the issue with the Court at an appropriate time.

11.   At any stage of these proceedings, any Party may object to a

designation of materials as Confidential Information.   An objecting Party shall not

be obliged to challenge the propriety of a designation of materials as Confidential

Information at the time made, and failure to do so shall not preclude a subsequent

challenge thereof.   An objecting Party must give written notice to counsel for the

designating Party of the objected-to materials and the grounds for the objection(s).

Within five (5) court days of the receipt of such written notice, the designating Party

and the objecting Party shall meet-and-confer in an effort to resolve their

differences.   If the disagreement cannot be resolved, the designating Party may

apply to the Court within five (5) court days for a protective order affirming the

designating Party's designation.   The application of the designating Party shall

comply with Local Civil Rules 37-2 and 37-3, and the designating Party shall have

the burden of demonstrating that the document or material designated as

Confidential Information is deserving of confidential treatment or other protection

under the terms of this Order.   If the designating Party does not make such an

-8-

application to the Court, the material to which an objection was directed will no longer be considered Confidential Information under this Order.   While any such application is pending, the materials subject to that application will remain Confidential Information under this Order until the Court rules.

12.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

13.   No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14.   If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating Party may give written notice to the receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.   The receiving Party must treat the materials as confidential after the designating Party so notifies the receiving Party.

15.   Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure in and of itself of privileged or work product protected materials is not a waiver in the pending case or in any other federal or state proceeding.   The mere disclosure of material as part of a production shall not itself constitute a waiver for any purpose. If the producing Party puts the receiving Party on notice that the receiving Party is in receipt of an attorney-client privileged or work product material(s) that has been inadvertently produced or otherwise received in an unauthorized manner and the receiving Party does not agree to return or destroy all copies of the material(s), the receiving Party shall not distribute or disclose that material(s) or its contents to

anyone other than the producing Party and will not file that material(s) or any paper disclosing the contents of that material(s) in the public record until such time as either (1) the producing Party withdraws its privilege or work product immunity assertion; or (2) the Court determines that the material(s) is not subject to the attorney-client privilege or work product immunity.   Within five (5) court days of the receiving Party notifying the producing Party in writing that it will not return or destroy the material(s) at issue, the producing Party may apply to the Court for relief, including confirmation of the privileged or work product nature of the material at issue.   If the producing Party does not make such an application, the privilege or work product immunity assertion shall be deemed withdrawn.

16.     Nothing in this Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information.

18.     This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.   The existence of this Order must not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19.     Nothing in this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

20.     The restrictions and obligations set forth within this Order will not apply to any information that:   (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge

-10-

other than as a result of disclosure by the receiving Party, its employees or its agents in violation of this Order; or (d) has come or will come into the receiving Party's legitimate knowledge independently of the production by the designating Party.

21.     The restrictions and obligations in this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

22.     Transmission by e-mail to the addresses of counsel of record is acceptable for all notification purposes in this Order.

23.     Within sixty (60) days after the conclusion of this litigation, including the exhaustion of all appeals, counsel for all Parties and third parties shall to the extent possible return all Confidential Information (other than exhibits at the official court of record) to the Party producing or designating such Confidential Information or shall use reasonable efforts to destroy such Confidential Information.   To the extent that a Party needs to retain Confidential Information for legitimate business reasons, it may do so but such information shall remain subject to this Order. Counsel for any Party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Party producing or designating such Confidential Information within one hundred twenty (120) days after the conclusion of this litigation, including the exhaustion of all appeals.   If a Party retains any Confidential Information as permitted above, it shall at that time identify the information to the Party producing or designating such Confidential Information.   Thereafter, if and when possible, it shall return or destroy such Confidential Information and certify compliance. This paragraph does not apply to Confidential Information or copies of documents possessed or obtained outside this litigation or to work product created by counsel for any Party in connection with this Litigation that includes Confidential Information.

1    24.    This Order may be modified by agreement of the Parties, subject to

2  approval by the Court.

3    25.    This Order shall survive the termination of this litigation and continue

4  in full force and effect thereafter except that a Party may seek the written permission

5  of the producing party or further order of the Court with respect to dissolution or

6  modification of this Protective Order.   The Court shall retain jurisdiction to enforce

7  or modify this Protective Order.

8    26.    The Court may modify the terms and conditions of this Order for good

9  cause, or in the interest of justice, or on its own order at any time in these

10  proceedings.

11    27.    Any party first making an appearance in this litigation following the

12  execution of this Protective Order shall be bound by the terms hereof.

13  Notwithstanding the foregoing, any subsequently added party may apply to this

14  Court for different protection than that provided herein, which this Court may grant

15  using its own discretion upon a showing of good cause.

16

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   DATED:  July 5, 2013       QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP

3

4

                            By *Gary E. Gans*[1]

5                                 Gary E. Gans

6                                 Attorneys for Plaintiff NFC

7                                 Collections LLC

8   DATED:  July 5, 2013       MOSES & SINGER LLP

9

10

11                             By *Philippe A. Zimmerman*

12                                 Philippe A. Zimmerman
                                Attorneys for Defendants Deutsche Bank
13                                 Aktiengesellschaft and Deutsche Bank
                                Privat- und Geschaftskunden AG
14

15

16   DATED:  July 5, 2013       CARROLL, BURDICK & McDONOUGH LLP

17

18

19                           By *G. David Godwin*
                                G. David Godwin
20                                 Attorneys for Defendants Deutsche Bank
                                Aktiengesellschaft and Deutsche Bank
21                                 Privat- und Geschaftskunden AG

22

23

24

25      —————————————
     [1]   Pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2)(i), I attest that the e-signatures of
26 Philippe A. Zimmerman and G. David Godwin on behalf of Defendants were added
with authorization conveyed by email from Mr. Godwin.   Defendants' counsel and
27 Defendants concur in this filing's content and have authorized this filing pursuant to
the authorization conveyed by email from Mr. Godwin.
28

         Case No. 12-CV-10718 DDP (JCx)
                              STIPULATION AND PROTECTIVE ORDER

**ORDER**

Having considered the foregoing stipulation (the "Protective Order") by and among Plaintiff NFC Collections LLC and Defendants Deutsche Bank Aktiengesellschaft and Deutsche Bank Privat- und Geschaftskunden AG, and good cause appearing therefor:

IT IS HEREBY ORDERED that the Protective Order shall govern the disclosure and use of Confidential Information (as defined therein) in this action.

IT IS SO ORDERED.

DATED:   August 14, 2013

_____/s/_____

Honorable Jacqueline Chooljian
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Case No. 12-CV-10718 DDP (JCx)
STIPULATION AND PROTECTIVE ORDER

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order entered by United States District Court for the Central District of California, case no. CV 12-10718 DDP (JCx), and that I have been given a copy of the Protective Order and agree to be bound by its terms.   I understand that all such Confidential Information I may be shown is to be used only for the purposes of this litigation and for no other purpose.

I agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcement of the undertakings I have made here.

Date: _____

Signature: _____

Print Name: _____